UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00002-LLK

JAMES E. VANCE, on behalf of MELANIE S. VANCE, deceased         PLAINTIFF

v.

ANDREW SAUL, Commissioner of Social Security                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Previously, the Court entered a memorandum opinion and order and a judgment, which remanded this matter to the Commissioner for calculation and payment of past-due Title II benefits for the closed period between June 1, 2013 and February 24, 2016. (Dockets # 20, 21.) This matter is before the Court on the Commissioner's motion to amend or alter the prior order and judgment pursuant to Fed.R.Civ.P. 59(e), to which Plaintiff responded in opposition. (Dockets # 22, 23.)

**Legal standards governing Rule 59(e) motions**

Because granting a Rule 59(e) motion tends to undermine finality of judgments, it has been described as "an extraordinary remed[y] reserved for the exceptional case." *Hamilton v. Comm'r of Soc. Sec.*, No. 4:17-CV-00053-HBB, 2018 WL 2293958, at *1 (quoting *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008)). The underlying purpose of Rule 59(e) is to allow the district court to correct its own clear errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings. *Benore v. Comm'r*, No. 3: 08-CV-01738, at *1 (citing *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)). The purpose is not simply to give unhappy litigants a vehicle to raise new arguments, present new evidence, or re-litigate old matters. *Id.*

A Rule 59(e) motion may legitimately be granted in four circumstances: "[1] there is a clear error of law, ... [2] newly discovered evidence, ... [3] an intervening change in controlling law, ... or [4] to prevent manifest injustice." *Hamilton v. Comm'r*, No. 4:17-CV-00053-HBB, 2018 WL 2293958, at *1 (quoting

*GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). The Commissioner's position is that the prior opinion contains clear errors of law. (Dockets # 20, 22.)

**Background facts and procedural history**

In June 2010, Plaintiff underwent liver transplant surgery and was subsequently bedridden for approximately two years. (Administrative Record (AR) at 36, 67, 1440.)

The Administration terminated Plaintiff's receipt of disability benefits effective June 1, 2013 (after she was no longer bedridden) due to medical improvement, and Plaintiff appealed the termination decision.

On or about February 24, 2016, Plaintiff was hospitalized for several days due to recurrence of hyponatremia symptoms (related to her transplant). (AR at 951.) In December 2016, she was diagnosed with cancer. (AR at 70.)

On January 5, 2018, the Administrative Law Judge (ALJ) affirmed the Administration's termination decision (due to medical improvement) but found that Plaintiff's condition subsequently deteriorated on February 24, 2016, such that she was again disabled. (ALJ's decision, AR at 32-48.) The ALJ's decision thus carved out a closed period of non-disability between June 1, 2013 and February 24, 2016.

In March 2019, Plaintiff died. (Docket # 17-1.)

**Discussion**

A judicial disturbance of the ALJ's decision is warranted if 1) the ALJ's decision was not supported by substantial evidence in the administrative record; or 2) the ALJ's decision did not comport with applicable legal standards. *Ealy v. Comm'r*, 594 F.3d 504, 512 (6th Cir. 2010). The Court's prior opinion and order concluded that the closed period of non-disability found by the ALJ was not supported by substantial evidence (Docket # 20 at 7-8) and also did not comport with applicable legal standards (*id.* at 8-10). The prior opinion concluded that the ALJ's closed-period finding was not supported by substantial evidence because "[e]very medical opinion in the administrative record indicates that Plaintiff was unable

to attend work regularly or perform even low stress tasks after her June 2010 liver transplant (with no in-between period of non-disability) … due to the side-effects of medication Plaintiff took to prevent rejection of her transplanted liver." (Docket # 20 at 7.) Alternatively, the prior opinion concluded that the ALJ's closed-period finding did not "comport with applicable legal standards set forth in [Social Security Ruling] SSR 83-20," 1983 WL 31249, concerning determination of the date of re-onset of disability (in this case, February 24, 2016 but not earlier). (*Id.* at 8.)

The Commissioner argues that the prior opinion erred in finding that the ALJ's closed-period finding was not supported by substantial evidence. (Docket # 22.) According to the argument, the ALJ properly rejected "the medical opinions [of] disabling side effects" (due to medication taken to prevent liver rejection during the closed period) because "the treatment notes failed to note severe side effects … before February 2016." (Docket # 22 at 4 referencing ALJ's decision at 38, 40-42.) The argument is unpersuasive for two reasons. First, the treating physicians attributed disabling limitations during the closed period to side effects of medication taken to prevent organ rejection. (AR at 1483, 2920, 3272.) The treating physicians were not required to have previously documented these side effects in their treatment notes for their opinions to be believed. An ALJ may properly discount a treating physician's opinion of debilitating symptoms if that opinion is "inconsistent with [the physician's] own prior assessments and treatment notes." *Price v. Comm'r*, 342 F. App'x 172, 177 (6th Cir. 2009). However, there was no such inconsistency in this case. The contemporaneous treatment notes (during the closed period) would not be expected to contain references to side effects that were already well understood, ongoing, and unchanged. The Commissioner confuses existence and documentation of side effects and assumes that opinions based on side effects are inconsistent with silence in the treatment notes regarding those side effects. Second, to be entitled to controlling weight a treating physician's opinion need only be "well-supported" -- not completely supported (in every detail, in the contemporaneous treatment notes). 20 C.F.R. § 404.1527(c)(1). The prior opinion did not make a "clear error of law" in concluding

that the ALJ's rejection of the opinions of the treating physicians was not supported by substantial evidence.

Next, the Commissioner argues that the prior opinion erred in finding that the ALJ's decision did not comport with applicable legal standards because of its "failure to follow [Social Security Ruling] SSR 83-20, 1983 WL 31249." (Docket # 22 at 2.) The argument is unpersuasive for four reasons. First, because the ALJ's closed-period finding was not supported by substantial evidence (for the reasons discussed above), it is not of case dispositive significance whether that finding also did not comport with applicable legal standards. Even if persuasive, the Commissioner's SSR 83-20 argument identifies only a harmless error and, therefore, does not warrant "extraordinary" Rule 59(e) relief. Second, the SSR 83-20 argument is not persuasive because SSR 83-20 describes the rules for inferring the onset of disability date when an ALJ finds that a claimant is disabled (at the time of the ALJ's decision). *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997). "The medical evidence serves as the primary element in the onset determination." SSR 83-20, 1983 WL 31249, at *2. In this case, the opinion of the treating physicians was uncontradicted that there was no closed period of non-disability. Third, while the Court agrees with the Commissioner that SSR 83-20 allows an ALJ to determine the onset of disability date without calling on the services of a medical expert (at the administrative hearing) where there is a "large amount of medical evidence from the relevant period" (Docket # 22 at 2), that is not what occurred in this case. Rather, the ALJ obtained medical expert testimony and then rejected it. Fourth, the prior opinion's application of the SSR 83-20 rules did not rise to the level of a "clear error of law" because the Commissioner cites and the Court finds no on-point authority, i.e., a termination of benefits case in which an ALJ found a closed period of non-disability and the parties disputed the date of re-onset of disability.[1] At worst, the prior opinion's application of the SSR 83-20 rules in an uncharted area was debatable.

---

[1] Though unprecedented in the caselaw, SSR 13-3p appears to authorize such a closed period of non-disability:

Next, the Commissioner asserts that the ALJ "did not find that [Plaintiff's] alcohol abuse caused Plaintiff's side effects as Magistrate Judge King contends." (Docket # 22 at 4 referencing Docket # 20 at 10-12.) The prior opinion did not "contend" that the ALJ found that Plaintiff's alcohol abuse caused her side effects. On the contrary, the opinion recognized that the ALJ found that Plaintiff's alcohol use during the closed period was **not** a "contributing factor material to the determination of disability." (Docket # 20 quoting AR at 47.) The opinion merely observed that "the ALJ's extended discussion of Plaintiff's alcohol use was at odds with the ALJ's acknowledgement that such use was immaterial to his decision" and that the ALJ's determination of non-disability during the closed period appeared to be "based on an improper independent (lay) assessment of the medical evidence" involving references to Plaintiff's alcohol use. (Docket # 20 at 10, 11.)[2] These observations were not of case-dispositive significance and did not constitute "clear error of law."

Finally, the Commissioner argues that (assuming the ALJ's finding of a closed period of non-disability was not supported by substantial and/or did not comport with applicable legal standards) the proper remedy was a remand for further administrative proceedings (as opposed to a judicial determination of disability during the closed period). (Docket # 22 at 4-6.) The prior opinion concluded that a judicial determination of disability was warranted for three reasons. First, the opinion of the

---

In every [termination of benefits] case where we find that that the beneficiary was not continuously disabled through the date of the appeal determination or decision, the adjudicator [ALJ] must fully explain the basis for the conclusion reached in the determination or decision. The adjudicator will state the month the beneficiary's disability ended, and, if applicable, the month in which a new period of disability began and any intervening months during which there was no disability.

SSR 13-3p, 2013 WL 785484, at *5.

[2] For example, the ALJ found that:

Dr. Berman testified that the anemia and electrolyte disturbance [hyponatremia] could be due to alcohol abuse. … Since other causes may have resulted in the low hyponatremia levels, I am unable to exclude that the symptoms of dizziness and weakness beginning in February 2016 were definitely related to the claimant's alcohol abuse.

(AR at 47-48.)

5

treating physicians (of no closed period of non-disability) was "uncontracted" and, therefore, entitled to "complete deference." (Docket # 20 at 13) (quoting *Kalmbach v. Comm'r*, 409 F. App'x 852, 865 (6th Cir. 2011)). The Commissioner argues that the treating physicians' opinion was not "uncontradicted" because the non-examining program physicians offered opinions of non-disability in 2013 (in support of the Administration's termination of benefits in 2013) (AR at 631, 698.) The opinions of the program physicians did not address Plaintiff's disability status during the closed period between 2013 and 2016. As Plaintiff aptly states, "[n]either [program] physician reviewing the case in 2013 could predict [her] state of health present on February 24, 2016." (Docket # 23 at 2.)

Second, the prior opinion concluded that a finding of disability during the closed period was appropriate because "the ultimate burden is on the Commissioner in termination proceedings and we have found that substantial evidence does not support the termination." (Docket # 20) (quoting *Kennedy v. Comm'r*, 247 F. App'x 761, 768 (6th Cir. 2007)). The Commissioner attempts to distinguish *Kennedy*, wherein the "evidence of medical improvement [was found to be] lacking." (Docket # 22 at 6) (quoting *Kennedy* at 768). According to the Commissioner, in this case, there was "ample" evidence of medical improvement during the closed period -- apparently referring to the findings of the program physicians. (*Id.*) For the reasons indicated above, those findings did not substantially support a finding of non-disability during the closed period.

Third, the prior opinion concluded that a finding of disability during the closed period was warranted because "there exists strong evidence that the plaintiff's combined impairments meet or exceed a listed impairment under the Social Security regulations." (Docket # 20 at 14) (quoting *Kalmbach v. Comm'r*, 409 F. App'x 852, 865 (6th Cir. 2011)). Specifically, the medical expert testified that Plaintiff's cancer and chronic liver disease met or equaled the Listing. (AR at 69-70.) The Commissioner argues that the medical expert's testimony regarding the Listing showed his "lack of comprehension," "ignorance," and "lack of understanding" of the Listing. (Docket # 22 at 3) (quoting ALJ's decision at AR 35). Even if

the medical expert's testimony regarding the Listing was insubstantial, there remained two valid bases for a judicial finding of disability (i.e., those discussed above). A judicial determination of disability during the closed period was, therefore, not a "clear error or law."

**ORDER**

For the foregoing reasons, the Commissioner's motion to amend or alter the prior order and judgment pursuant to Fed.R.Civ.P. 59(e) (Docket # 22) is hereby DENIED.

October 16, 2019

Lanny King, Magistrate Judge
United States District Court